UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAVIER E. CHACON,<br><br>        Plaintiff,<br><br>v.<br><br>KAREL DE JONG,<br><br>        Defendant. | Case No. 4:22-cv-00084-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Javier E. Chacon's Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Chacon's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Chacon's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Chacon's Application to Proceed In Forma Pauperis and will allow him to pay the filing fee over time. Further, the Court finds Chacon's Complaint not legally sufficient to survive initial review. Thus, the Court DISMISSES the Complaint WITHOUT PREJUDICE but allows Chacon an opportunity to amend.

MEMORANDUM DECISION AND ORDER - 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Chacon's Application to proceed In Forma Pauperis and finds it does not conclusively establish his indigence. Chacon lists his monthly income as $4,500 from self-employment. Dkt. 1, at 2. Chacon also lists that he has $376.46 in cash. *Id.* at 3. Chacon lists his only asset as a 2013 Mercedes Benz ML350, on which he also makes monthly payments. *Id.* at 4. But Chacon also lists that he is owed $10,000. *Id.* at 3.

Chacon reports his monthly expenses as $4,169 a month.[1] *Id.* at 4. He claims no dependents or spouse. *Id.* at 5. Most of his expenses go to necessities such as rent, food,

---

[1] Chacon claims that his monthly spending adds to $4,169 a month, while the actual total appears to be $4,189.00. This is a small difference and is likely the result of a minor error either in the calculation or in the Court's reading of the expense figures. Regardless, the Court's conclusion remains the same whether it uses the $4169.00 figure or the $4,189.00 figure.

MEMORANDUM DECISION AND ORDER - 2

business upkeep, and car payments. *Id.* at 4 In the affidavit, Chacon claims no health-related expenses.[2] *Id.*

Chacon, therefore, has a monthly surplus of $331, in addition to the $10,000 owed to him. Dkt. 1. Thus, Chacon has not proven his indigence under 28 U.S.C. § 1915, so Chacon must pay the requisite filing fees in full. That said, the Court will allow Chacon to pay this fee over time to reduce the financial burden it might otherwise cause. Chacon will be required to pay the fee in $100 monthly installments.

Nonetheless, the Court must also dismiss the Complaint because Chacon fails to allege a valid cause of action. The Court will grant Chacon an opportunity to amend his Complaint to remedy its deficiencies.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally,

---

[2] Within his Complaint, Chacon claims $3,000 healthcare costs per month (Dkt. 2), but Chacon does not list that in his in forma pauperis affidavit (Dkt. 1.). However, because Chacon makes no mention of these healthcare costs in his affidavit, the Court cannot consider these costs as part of his in forma pauperis application.

giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a Court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court has diversity jurisdiction when (1) there is complete diversity of citizenship between the plaintiff and defendant and (2) the damages sought are in excess of $75,000. *Id*. The Court must also have personal jurisdiction over the defendant.

Here, Chacon, a citizen of Florida, seeks damages in excess of $75,000 from the Defendant, who Chacon alleges is a citizen of Idaho. Thus, Chacon's Complaint satisfies the diversity jurisdiction requirements. Additionally, this Court appears to have personal jurisdiction over the Defendant because the Defendant is a citizen of Idaho.

However, Chacon fails to state a claim upon which relief can be granted. A pleading that states a claim for relief must contain ". . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In his Complaint, Chacon outlines two claims. Dkt. 2. The first claim is connected to property in the state of Idaho. The second claim is related to Chacon's contraction of HIV.

In the first claim, Chacon alleges that he and the Defendant began a relationship

both of a personal and business nature sometime in the 1990s. Chacon alleges that he bought land in Idaho and that the Defendant later filed a deed of trust for that land. Chacon did not know that the Defendant had filed the deed and claims that the Defendant's actions were illegal. Chacon also mentions two Idaho state cases that are related to Chacon's business, the Defendant's business, and the land, but Chacon gives no reason as to why these cases are related to the instant case. Dkt. 1-1.

Piecing the facts alleged in the Complaint with the Civil Cover Sheet (Dkt. 1-1) Chacon argues that his first claim relies on 18 U.S.C. § 1341. This statute is a criminal statute regarding mail fraud. Chacon's Complaint is civil, not criminal, and thus there is no relief Chacon can seek under a criminal statute. Additionally, the facts Chacon has given regarding the first claim do not appear to be related to mail fraud. Thus, this law cannot be relied on for Chacon's first claim. There are of course civil causes of action for fraud, if that is indeed Chacon's claim, but he fails to specify his cause of action and allege facts to support it.

In the second claim, Chacon also does not point to any law upon which his claim can be granted. Instead, Chacon claims a series of facts that allege the Defendant contracted HIV, never told Chacon, and then Chacon contracted HIV. Chacon also includes a description of how much money he has spent on his treatment and the grievances he has faced since his diagnosis.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Chacon may be able to state a claim upon which relief can be granted, the

Court will allow him an opportunity to amend his Complaint to remedy the following deficiency.

Chacon must state specific plausible legal claims against the Defendant that are related to the facts of the case. Chacon has listed facts and explained how this Court has jurisdiction over this case, but he has failed to state the legal claim upon which relief can be granted.

## IV. CONCLUSION

Chacon's application to proceed in forma pauperis does not establish his indigency; however, because of Chacon's limited resources, the Court will allow Chacon to pay the filing fee over time. Chacon must pay $100 a month towards the filing fee. Additionally, the Court finds that Chacon has not stated any plausible claims for relief and must amend his Complaint.

## V. ORDER

1. Chacon's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. Chacon need not prepay the fee in full; however, Chacon must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on or before the last day of May 2022. The Court will allow Chacon to file and serve the Complaint before this payment is received.

2.      Chacon's Complaint (Dkt. 2) is deficient as it fails to state any claims upon
which relief can be granted. His Complaint is therefore DISMISSED
WITHOUT PREJUDICE. The Court GRANTS Chacon leave to file an
Amended Complaint in substantial compliance with the Court's analysis
above. Chacon must file his Amended Complaint within sixty (60) days of
the issuance of this Order.

3.      Failure to file an Amended Complaint within the ordered timeframe will
result in the full dismissal of this case WITH PREJUDICE and without
further notice.

DATED: May 12, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7